1837-93 Scottie A. Bagi et al. v. City of Parma, Ohio Arguments not to exceed 15 minutes per side Mr. Phillips for the appellant May it please the court, my name is David Phillips, I represent the appellants in this case With me is Dennis Nierman who has also worked on the case with me in the court below Can you keep your voice up? I will try your honor, you can tell I have a little bit of a sinus issue going on I would like to reserve three minutes of my time or remaining time for rebuttal, thank you The district court here awarded fees to the City of Parma under 42 U.S.C. 1988 For attorney's fees to be awarded under the statute, the lawsuit filed by appellants Needed to be or constitute an egregious case of misconduct Here, the trial court abused its discretion in awarding those fees This court is required to also review the record below to determine If the district court's finding is factually supported in terms of abuse of discretion Also, this court has maintained that in awarding fees for a non-prevailing plaintiff Under section 1988, the district court also must provide an analysis related to the reasonableness of the fees Including the party's ability to pay those fees None of that was done here, no analysis was done The court only awarded the fees that were presented by the City of Parma That makes appellate review impossible, which also takes away a deference typically afforded to the district court And that's this court's decision in Garner v. Cuyahoga County Juvenile Court On a 2009 case, citing another case, Gontar v. Hunt Value Company That here, the party's ability to pay, that really, really is significant You're dealing with two firefighters that got smacked with over $173,000 in attorney's fees This further creates a real significant human problem for them But for the populace as a whole, for citizens, it creates a strong chilling effect On any plaintiff as a public employee who wants to bring a civil rights case There's a couple of issues, isn't there? One is whether or not attorney fees should have been assessed Assuming that's true, then you have the other issue of whether or not this was a proper amount of assessment Correct? Yes, correct, Your Honor I'm sorry Are you conceding that it was permissible to assess some degree of fine? No, no, this is not a case of misconduct The district court found there was absolutely no merit to anything they brought Your Honor, we believe that that's not the case We believe that the court below used post hoc reasoning to reach a decision in getting there Attorney's fees are very unusual in civil rights plaintiff's cases We believe that the post hoc reasoning in getting there, in terms of using its reasoning to support the attorney's fees This was done after, this was done, the issue in What do you mean post hoc reasoning in the sense that the case is filed, things go forward And the judge determines under the Christiansburg standard, or says he does, that this was without foundation So what's post hoc about it? Post hoc was that the decision was done for attorney's fees, finding the case to be frivolous After extensive discovery, after the motion for summary judgment And the summary judgment decision, unlike the case of Riddle v. Espinger The trial court never used the word frivolous, never used the word bad faith Never used the words egregious case of misconduct Which is a standard for awarding fees for a frivolous case under section 1988 The result here, in fact, is just like in procedure posture 2 of the case of Riddle Where the case was litigated through summary judgment after extensive discovery And interestingly enough, in Riddle, the court used the words frivolous in the decision This court overturned Riddle based on it being not an egregious case of misconduct Because the court must also consider here what the law is in terms of First Amendment retaliation law The law is very complex, it does not require, the reasoning of the trial court was that it was made with What factually do you say makes this case non-frivolous? Because the plaintiffs had, there were four attorneys in this case too, by the way The attorney's fees were not assessed against the attorneys, only the plaintiffs They had a basis to assert or pursue their claims What is that basis? The reasoning, again, the reasoning of the trial court was that it was The speech was made with a reckless indifference to the truth, and they had no merit The whole site, the whole tact by the city was that the speech had no merit And that's clear in their briefing, in citing the investigation and the allegations made in the speech What is the foundation they have, you ask, though? Well, it's strong, I think, and it was put forth before the trial court Both the chief and assistant chief acknowledged that the plaintiffs cared about the fairness and the testing Which was the subject of the speech that was only sent to the human resource department and fire chief The chief French testified that I believe Scott Baggy felt there was some truth to the basis of the contents of the letter The union president said the language in the letter was understandable And significantly, the arbitration decision in favor of the city, provided that the arbitrator rejects The city's claim that the grievant made the charges knowingly, knowing that they were false So the whole point is the court said these guys had no merit The allegations had no merit, was made with reckless indifference And that was why it did not afford First Amendment protection Based on the state of the law, the appellants believed that they could obtain First Amendment protection Do we look to what the appellant believed, or do we look to what the appellant could prove? I'm sorry, Your Honor, I didn't hear it Do we look to what the appellant believes, or do we look to what the appellant could prove? That's just it, Your Honor. In First Amendment retaliation law, the speech does not have to be true to be afforded First Amendment protection This is even true, this is even true There does have to be a foundation for Exactly, exactly, and that's the foundation I was certain before The foundation we proved in discovery, we pointed that in discovery The chief said, I believe that Scott Baggy felt that the allegations in the letter were true The arbitrator His internal beliefs, and is that enough proof to take it out of an arbitrary lawsuit? The internal beliefs, yes In fact, the reasons that this Court has decided that the reasons for a plaintiff filing a lawsuit is not a basis in and of itself to award fees under 1988 If I answered Your Honor's question, I'm not sure I did But they also pointed to pages and pages of deposition testimony in opposition to summary judgment to support the reasonable basis that they believed the speech was true when they wrote it And there was pages and pages of deposition testimony that we cited to in our brief that supply the foundation Let me focus on what they believed In Christiansburg and other cases, is that stated as a basis? That is, if I believe that I saw Mary in Cincinnati and say that proves something And it's proven that she's really in Pittsburgh the whole time My case is without foundation, isn't it? No, Your Honor, I don't think so They had a reasonable basis to believe that their speech would be afforded First Amendment protection In this vein, even meager evidence avoids a harsh remedy of attorney's fees to a plaintiff under Section 1988 And I'll cite the Court to a number of cases, Conister v. Fenster, Michigan Flyer v. Wayne County, a number of cases that we cited You just made a point that they had a reasonable basis to believe that their speech was protected Right The trial judge didn't focus on that He said you had no basis for your assertions Whereas the lawsuit was about being punished for their speech, right? Exactly That's the point The lawsuit is not about the truth of the speech As lawyers, there were four lawyers in the case Two lawyers died during the process They were husband and wife lawyers, Denny Thompson and Christy Bishop Dennis Nierman stepped in after Denny passed away, after his wife passed away, Christy I stepped in on the eve of summary judgment The trial court was all aware of this because extensions were granted on this basis Now, again, the lawsuit here is not about the truth of the speech We understood that the speech was not true, or at least not completely true, when it was made But it doesn't have to be true To be afforded First Amendment protection, the speech does not have to be true And this is even the case when a plaintiff lacks evidence of the allegations made in the speech And that's the law Westland v. Sutherland Sea v. City of Elyria Rogers v. Banks Chapel v. Montgomery Fire Department, etc. There's many cases that say that consistently So you have to say, basically, you have four lawyers that know the law First Amendment retaliation claims And they said that there was no merit here to these claims? No, again, the plaintiffs were not alleging that the speech Not arguing that the speech was true They were arguing that they were punished for their speech They sent a letter because they were concerned about the speech And the judge was irritated because they brought the lawsuit And that's the case I would like to reserve the rest of my time for rebuttal Good morning, may it please the court My name is Holly Marie Wilson Can you keep your voice up, too, please? I'm here today on behalf of the City of Parma Arguing in favor of the District Court's grant of attorney's fees In the words of the District Court below This is precisely the type of case in which an award of attorney's fees is both warranted and appropriate And what we see from plaintiffs are basically four arguments The first being that the trial court relied on post hoc reasoning or hindsight logic The idea being we had to get all the way to the point where summary judgment was granted Before this motion for attorney's fees was presented to the court I would argue that's the appropriate time to entertain a request for fees It's not when the complaint is filed The fact that the city did not file a motion for judgment on the pleadings or a motion to dismiss Is not dispositive either The simple fact is plaintiffs crafted a complaint Which factually would have survived a motion for judgment on the pleadings or a motion to dismiss That doesn't mean the claims have merit That doesn't mean there's any truth or any foundation to anything that's alleged in the complaint It was just carefully crafted in a manner to survive an early offensive motion to dismiss What am I missing? I mean the gravamen of the complaint is that they were punished for their speech Yes ma'am Okay Speech that was false Speech that had zero evidentiary support Speech that was examined during four independent investigations and two arbitration proceedings All before the lawsuit was ever filed So to suggest that these gentlemen did not understand that their allegations were without merit Or that they lacked any evidence whatsoever to be making these claims I'm asking you something else Okay I understood the lawsuit to be about getting disciplined for their speech Now the trial court made a legal ruling that the claim failed because the speech for which they were disciplined was reckless Was not entitled to first amendment protection Okay, alright Then it came up here and we did not decide it on that basis Well you decided that it was not entitled to first amendment protection but not for the same reason as the discipline That's right And we said that you lose because this was not speech of public significance This was personal Correct Okay Both of those I think are fairly sophisticated legal analysis Whether your speech is protected as personal or public I mean there are tons of cases about that And people lose And whether it was protected because of the nature of the speech Quite frankly that was problematic So they're both complicated legal issues Why does that make the case frivolous? I mean you could say that their complaints lack sufficient basis But you know they did predict who was going to get the job But putting that aside, why was the case itself, which was a case challenging It was a first amendment case challenging discipline for their speech Why was that frivolous? Why is that the kind of case that you'd assess fees against the plaintiff in a civil rights case? I'm just missing it I didn't hear the judge address that either The judge just said your claims had no basis It didn't say that the claims in the lawsuit had no basis I would agree that the case law surrounding the first amendment is complex And there was a reason that the briefing was as robust as it was below I think what becomes more simplified in this case Is when you look at the plaintiff's basis for filing the lawsuit In discovery it came out that Mr. Baggy used the lawsuit as a weapon of revenge And threatened others at the fire department with the lawsuit Prior to it being filed This was not an instance of I sincerely believe that my speech may have been protected Under this complex analysis of the first amendment It was I'm a disgruntled employee, I don't care for what happened I'm going to sue you and I'm going to make you pay for it So when we look at the law And what the law tells us is that we look for whether or not The case was frivolous, unreasonable or without foundation I think what Judge Nugent picks up on is the without foundation Did Judge Nugent discuss that? Judge Nugent discussed the fact that the case was utterly without merit That the letter was signed and written with reckless indifference to the truth And there was no evidence whatsoever of wrongdoing But that is my understanding of Judge Nugent's reasoning That the underlying letters had no merit Not that the lawsuit had no merit I don't remember reading in his opinion a reference to using the lawsuit as a weapon Did he mention that? It was mentioned in the briefing that came out during discovery It was highlighted in the briefs I do not believe that specific evidence found its way into the judge's ruling I think instead, if we're looking just at the ruling on the motion for summary judgment Not the legal fee issue No, I'm talking about the legal fees Oh, yes, no, repeatedly He, not that specific quote He mentioned that there was no merit to the allegations They were demonstrably false They were knowingly false at the time they were filed But the allegations are the allegations in the letter, right? Yes Okay, his entire discussion was about the letter, not the lawsuit Challenging being disciplined for the letter Because the letter serves as the foundation for everything that happened afterwards So without the letter, there is no First Amendment lawsuit So if we're going to discuss the First Amendment lawsuit We have to examine the basis for the claim The basis for the claim was the letter And what happened after the letter was issued He does say there was no basis for this lawsuit And I take that to be, as he says just before that The First Amendment does not protect statements that are false or made with reckless disregard So if he's right about that part If he's right as to they are being false Then there's no First Amendment protection And that's a judgment on the lawsuit, isn't it? Yes, sir, and I can go back to your example I can't remember the name of the person, maybe Mary I saw Mary yesterday in Cincinnati Mary was actually in Pittsburgh I don't get to say I saw Mary in Cincinnati yesterday With no evidence, no investigation, and no support And then say, well, I have a First Amendment right to say I saw Mary wherever I wanted That's not the way the law works It's not the way it's supposed to work And in this case, Judge Nugent did not abuse his discretion His substantial discretion in looking at the facts In taking a deep dive into the discovery, into the case He lived with the case for years There was, without a doubt, robust discovery In reaching this very conclusion There's also no argument that the district court was not Did not have the authority to award appellate fees in the first instance Plaintiffs make the argument that Had the city wanted to pursue its attorney's fees on appeal It should have availed itself of this court and Federal Rule 38 to pursue fees Let me ask you, let's assume you're entitled to some fee Or whatever What about the extent of the fee? 175,000 How is any firefighter ever going to pay that? There's two firefighters in this case Well, there are two And they are, well, so it's half of 175 You can't even get a college education for that anymore Unfortunately There was zero evidence put forth before the district court That these gentlemen could not afford that fee There was no challenge to the attorney's fees below The amount, the reasonableness of the fees below But they asked for a hearing They did, but they didn't put forth any evidence why they wanted the hearing The fees are duplicative, the fees are excessive We, you know, we have all these problems with the fees Let us present evidence supporting those claims There was none of that There was a request for a hearing, yes There's no entitlement to a hearing under these circumstances The rules say only if there's sufficient evidence before the district court In this case, there was There were detailed fee bills And a fee that was well below the commercial or the reasonable rate in the community But part of it is to decide whether it's reasonable In light of the financial situation of the plaintiff, isn't it? Isn't that part of what you consider? If the allegation was raised that these fees are unreasonable These gentlemen cannot afford these fees It should have been argued and put before the district court In the pleadings or in the motion practice At that point, the judge sits back and says, I need a hearing Why did they ask for a hearing? They asked for a hearing To address the request for attorney's fees They did not ask for a hearing because the fees that were being requested were unreasonable They did not put forth any basis for the request for the hearing Other than, we'd like some discovery to look into these issues We've put our carriers on notice We need some time to get coverage determinations, I believe is the exact request There were no requests to challenge or basis for challenging the fees that were presented Again, the standard of review here is abuse of discretion Did Judge Nugent abuse his discretion in awarding the fees without a hearing? The case law will tell you, no, he did not And no, a hearing is not mandatory In conclusion What if we came down to the conclusion that the amount of fees kind of shocks the conscience of the court Would that show an abuse of discretion? I believe it would, your honor It's this court who determines what's an abuse of discretion and what's not But if there were a finding that these fees were somehow unreasonable or inflated Absolutely The city, at the taxpayer's expense Has been forced to defend itself over and over again against groundless claims That plaintiffs pursued beyond reason The factual record below unequivocally demonstrates that there was absolutely no evidence to support these claims This was not free speech It was not entitled to the protections of free speech That's been determined both by the district court and this honorable court For those reasons, and because plaintiffs' claims were groundless at the outset of the litigation The court did not abuse its discretion in awarding legal fees pursuant to 1988 And we ask that that award be affirmed today Thank you for your time Thank you No one ever said plaintiffs' claims were groundless at the onset of the litigation No one Not the city of Parma, not the judge Again, four lawyers looking at this case, taking it on part of the plaintiffs Didn't see it as meritless First Amendment retaliation law is complex Very complex For any lawyer to sit here and say Is there any law that says it has to be clearly groundless at the outset of the litigation? Because you can file a complaint with all sorts of wonderful things in it And then as the case goes on, it's all hooey No, I don't think so, Your Honor But I think the fact that the plaintiffs came forward with a foundation, as I indicated before Through discovery, through testimony of a fire chief Testimony of the union president The arbitration decision Countless pages of deposition testimony They pointed to lay the foundation of why they believed the speech was true when they wrote it I don't think it was egregious misconduct For any lawyer to say that this is a recklessly indifferent speech because it was false Or it was not a matter of public concern That definitively, in First Amendment retaliation law They'd be lying It's that complex Except extreme cases, of course And this is not an extreme case It has to be an extreme case to award fees And this is not one of them Appellant's speech which turned out to be incorrect Mirrors and is similar to instances in other cases And matches the underlying principle of First Amendment retaliation law That a Section 1903 plaintiff is not required to prove the truth of his or her speech To obtain First Amendment protection And here If the other side proves complete untruth Then it doesn't have First Amendment protection If it was made with a reckless disregard, correct But just because they're not afforded First Amendment protection Doesn't mean attorney's fees are appropriate And that's why we're here We're not arguing whether this is protected speech or not We'll agree Not protected speech We're here because it was not an egregious This lawsuit was not an egregious case of misconduct They brought this lawsuit They were punished heavily That would chill any public employee going forward The City of Parma's Fire Department Do you think any other firefighters are going to complain about something? I don't think so Not with this No No, no, no The whole reason here is because of the fees Because of the fees Again, it was an egregious case of misconduct Now, the Court mentioned we asked for a hearing Oh, we also asked for discovery I didn't hear you, what? We also asked for discovery We asked for discovery in January 5th, 2017 It wasn't until And we continually asked for discovery on the fees Continually And continually asked for a hearing on the fees It wasn't until the final order on fees by the District Court July 27th, 2017 The Court simply said Oh, hearing and discovery on fees is not necessary They're granted What discovery did you say you wanted? Oh, discovery in terms of the reasonableness of the fees Discovery in terms of Particularly the reasonableness of the fees Yes, that would be primarily the nature of the discovery Absolutely So in the motion it says We want to discover what the average fee is in Akron We want to discover timesheets I mean, I can think of lots of things you might want to discover But did you say any of those? It was The motion stated I don't remember specifically what the motion stated But we asked for discovery on the reasonableness of the fees We asked for discovery And we cited cases that discovery is permitted Every case that they cited that discovery is not permitted It has a different connotation It's a different setup They submit timesheets with their motion? They submitted timesheets I think one was untimely The District Court didn't care about that Just like they submitted timesheets for the work on the appeal The District Court didn't care about it being untimely as well And I would ask the Court to find that Due to the complexity of the law This was not an egregious case of misconduct Did you ever raise the issue of their ability to pay? We weren't I don't believe we were afforded the opportunity, Your Honor We would have done that through the discovery process And we would have done that through a hearing process Which we were not afforded We asked for that repeatedly You filed a document that says Here's their financial statement There's no way they can pay this I don't believe we're required to do that I mean, that's just it We thought we were going to get an opportunity to make this argument And the District Court said No, not necessary Bye It doesn't say that you didn't raise this argument You should have brought something to me It just said Not necessary Unneeded I have what before me I need to award fees And that is their timesheets And that's it No discussion about it We asked for that hearing For the opportunity to make those arguments It was the case You're talking about a case that's closed And in terms of The argument you're talking about You asked for Was to say that my client can't afford What they're asking for That was part of it, sure And that what they're asking for is unreasonable All of that, sure We wanted discovery on that issue And we wanted a hearing on that issue We asked for it repeatedly A year and a half after we started asking for it The difference between what they've asked for Whether it's reasonable or unreasonable And whether your client can afford May be reasonable As to their attorney fees I mean, there's some We would argue that there's some Trying to figure out what it is you were really after We were Both Both, your honor There's argument that some Duplicate disability billing There was some argument that could have been made We need discovery to get into that Because I think it would be very It'd be just like It would be a vacant argument I think, an emotion that Oh, there's duplicate disability We just assess We just It would be a vacant allegation We need discovery on that issue To get into that To see Well, did they When they asked for attorney fees Put out the hours they used And what the reasonable hourly fee was? To a certain extent, yes What other discovery Were you going to show that There were different hourly rates Or what? What was the discovery you wanted? Some of the work being duplicitous, for example That's part of it Did you outline that in your petition? No, no, we didn't need We wanted discovery on that To find that out That's the point And you're not really answering the question You had the time sheets Mm-hmm Okay Yeah, I And Whether they were the original time We don't know We had what they submitted to the court, yes Okay, so That's what they had You could have You could have told the court Well, we have the time sheets We feel that there are Some duplicate billing Here's an example And we'd like the opportunity to examine And get more discovery about this billing But Well We I mean, we didn't get in that detail In the motion to request discovery I don't think that was necessary To get in that That much detail We asked for discovery In terms of the fees And the reasonableness of the fees What would you have gotten? What would you have asked for? In discovery? Yeah I mean, did you want to depose the lawyers? We may have That may have been an issue It may have been some written material first And then probably a short deposition Probably That's probably the case, sure That's exactly it And did you need discovery To determine whether your clients could afford to pay it? No But we would present that in a hearing format What? We'd present that in a hearing format We would present that to the court in a hearing So There was no After the court said no Couldn't you have just submitted an affidavit Of the ability to pay? Well My understanding of it was There was no allowance for us to To spit that evidence Outside of a discovery situation Outside of a hearing situation We would have submitted that evidence For purposes of a hearing File a rule of 59 to alter him in judgment Couldn't you? Sorry A motion has to be more than just a jump ball You know Throw it up and let us see If we got some discovery Or what we're going to do I'm listening to your answers And yeah, we might have done that Yeah, we could have done that We wanted to do that I don't know what a motion is about It's not a jump ball Well, we wanted to do that We asked to do that repeatedly It was not just one time It was everything we filed That we asked for that ability consistently All the way through We should be able to look at the docket And find a motion for hearing Or a motion for discovery That we can read The first one we filed Your honor Is on January 5th, 2017 It was our response to motion It was Record 103 Page IDs 1854 to 56 Now, it's very short But we asked for A fee A discovery on the fees and a hearing It wasn't specific in terms of What we were going to do And lay it out But we didn't feel that that was necessary To ask for a discovery and hearing On these types of fees Fees is not abnormal And we cited case law To support our basis for asking for this Were there any filings between January and July? Lots Lots And that was the first The point is From January 17th to August of 18th The court never addressed it And we kept asking The court never addressed it Until they said Oh, not necessary And that was how it addressed it It wasn't saying Well, you didn't do enough You didn't present anything to us To suggest that we Why we needed it No, it's not necessary Completely not necessary I would ask the court to Rule that Again, this is not a case of egregious misconduct And completely Reverse the trial court's decision If the court decides to remand the case I would ask the court to also consider The language in the court's decision And the Irritation Against the parties Plaintiff appellants here I think it was More than Much more than I would say It gets the Regard of almost hatred I would ask the court If it's remanded To remand it to a different justice Thank you very much Appreciate your time Thank you both The case will be submitted